PER CURIAM.

**A.G. EDWARDS, Jr., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 01–5119.**

United States Court of Appeals, Federal Circuit.

March 7, 2002.

Allan G. Edwards, Jr., appeals from the dismissal of his complaint by the United States Court of Federal Claims. *A.G. Edwards, Jr. v. United States,* No. 94–CV–572 (Fed.Cl. Apr. 27, 2001). We *affirm.*

This suit arises from a dispute between Mr. Edwards and the United States concerning property situated in Nevada. Mr. Edwards became the sole owner of two ranches in Nevada sometime in 1985. While Mr. Edwards was the owner of the ranches, he enjoyed the benefits of a grazing permit issued by the U.S. Forest Service. The grazing permit entitled Mr. Edwards to certain grazing rights on U.S. owned property. Later Mr. Edwards lost possession of the ranches by foreclosure,

and the United States acquired both ranches at a trustee's sale. In 1986, the United States sued Mr. Edwards in the U.S. District Court in Nevada seeking recovery of unpaid balances on loans previously made by government entities to Mr. Edwards. Mr. Edwards challenged the legality of the trustee's sale, and the parties settled their differences with a Settlement Agreement. Under the terms of the Settlement Agreement, Mr. Edwards paid the United States and received in turn a quitclaim deed to the two ranches.

The Settlement Agreement did not end all the differences between Mr. Edwards and the United States concerning the two ranches. In August of 1992, Mr. Edwards sued the United States in the U.S. District Court for the District of Columbia seeking monetary relief for alleged breaches by the United States of duties Mr. Edwards claimed were owed to him. That suit was transferred to the U.S. Court of Federal Claims (hereafter "Claims Court").

In his suit in the Claims Court, Mr. Edwards asserted flaws in the quitclaim deed to the ranches. Because Mr. Edwards's concerns about the quitclaim deed have since been satisfied by the government, we need not address that issue further. Instead, we turn to the other issues Mr. Edwards presented to the Claims Court.

First, Mr. Edwards contended that when he reacquired the ranches from the government, he was not provided with the grazing rights to which he was entitled. He also alleged that he had been denied certain annual subsidies, which may be available from the U.S. Department of Agriculture under the Emergency Feed Program and the Disaster Payment Program.

In due course, the government moved to dismiss Mr. Edwards's complaint for failure to state a claim upon which relief could be granted. On October 14, 1998, the Claims Court issued an Order denying the government's motion on all but two points. As for Mr. Edwards's request that the court simply reinstate the original grazing rights enjoyed by the ranch properties, the court held that it lacked authority to enter such injunctive relief unless such a request was premised on a money-mandating statute or a claim for money arising from a breach of contract under the Tucker Act. Because Mr. Edwards's request for reinstatement of the original grazing rights was not so premised, that part of his complaint was dismissed. Mr. Edwards also had contended that the government had permitted third parties to enter upon the ranches during the time of Mr. Edwards's nonownership and that those persons had diminished the value of the ranches. Since the nature of the quitclaim deed acquired by Mr. Edwards entitled him to nothing more than the condition of the ranches when the deed was granted, he could not complain that he would have preferred ranches in better condition. Nothing in the Settlement Agreement had promised a transfer of the ranches by quitclaim with the ranches in the condition they were left when Mr. Edwards lost possession by foreclosure.

The Claims Court expressly noted in its 24–page Order that Mr. Edwards was proceeding pro se, and that therefore the court would afford Mr. Edwards the benefit of relaxed standards as it decided whether his remaining claims could survive the motion to dismiss. On the issues of whether the quitclaim deed was sufficient under the Settlement Agreement, and on the matters of grazing rights and benefits payments, the Claims Court denied the government's motion. On each of those points, the Claims Court carefully noted the information that would be needed for Mr. Edwards to survive further motions by the government.

The parties then exchanged further written submissions on the issues of the quitclaim deed, the grazing rights and the benefits payments. In a 43–page Order, the Claims Court on January 31, 2001, addressed dispositive motions filed by both parties. With regard to the continuing allegations of insufficiency in the quitclaim deed, the Claims Court declined final ruling on the issue, giving the parties until the following March 30 to resolve their differences. On the subjects of grazing rights and the benefits payments, the Claims Court carefully and fully considered every aspect of the issues. At each point in the opinion supporting the Order, the Claims Court took pains to consider every possible argument in Mr. Edwards's favor. A telling example relates to Mr. Edwards's request for benefits in 1988. With regard to his requests, the record showed that the agency of the Department of Agriculture responsible for administering the benefit programs had reasonable grounds to deny Mr. Edwards's request. With respect to the Emergency Feed Program, the agency had declined Mr. Edwards's request because of its fact finding that he had enough feed on hand to carry his livestock through the feeding period. On the topic of the Disaster Payment Program, the agency had ruled against Mr. Edwards because of its factual finding that he had failed to file an accurate acreage report on his property, and that when the agency had volunteered to review his property "field by field" for an acreage assessment, Mr. Edwards refused to accept the offer. These, of course, are rational bases for the agency to have denied Mr. Edwards's requests for benefits. Before the Claims Court, Mr. Edwards did not even contest the rationality of the agency's adverse actions. Nonetheless, the Claims Court diligently explained, over several pages, precisely why Mr. Edwards's claims lacked merit.

On April 27, 2001, the Claims Court returned to the subject of the quitclaim deed with a seven-page Order that carefully and fully explained how the quitclaim matter had been resolved to Mr. Edwards's satisfaction, thus rendering moot that issue from the original complaint. Thereafter, Mr. Edwards untimely filed a petition arguing that the Claims Court should reconsider its earlier orders, vacate its dismissal of the complaint and reinstate the proceeding for trial. Rather than simply dismiss the petition for untimeliness, the Claims Court again demonstrated its patience and tolerance for less-than-by-the-book pro se litigation practice. Explaining again the bases for its previous orders, the Claims Court denied the petition.

Mr. Edwards then took his appeal to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

In that the Claims Court dismissed each of Mr. Edwards's grounds for relief because he was not entitled to relief as a matter of law, we review the decision of the Claims Court independently. *See Dairyland Power Co-op. v. United States,* 16 F.3d 1197, 1201 (Fed.Cir.1994).

We agree that the Claims Court lacked the equitable authority to simply reinstate the original grazing rights that Mr. Edwards may have originally enjoyed. As for his claims that he was not granted the correct amount of grazing rights under the Settlement Agreement, we cannot improve on the careful and complete analysis of the Claims Court explaining why Mr. Edwards cannot prevail on that topic. Concerning Mr. Edwards's request for benefits payments, we again applaud the Claims Court for its correct assessment of that issue. As noted above, the lingering question of

the quitclaim deed was finally put to rest before the appeal was taken.

We have also carefully considered the allegations Mr. Edwards makes in his appeal brief that he has been the victim of unfair treatment by the government agencies with which he has had commerce and by the U.S. courts in which he has carried on his litigation against the United States. We find no merit in those allegations. Because the decision of the Claims Court dismissing Mr. Edwards's complaint is correct, we affirm.

No costs